UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLO K. CORLETTO, <br><br> Plaintiff, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., <br><br> Defendants. | 3:12-cv-0052-LRH-WGC <br><br> ORDER |

Before the court is defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); HSBC Bank USA, National Association ("HSBC"); and Quality Loan Service Corporation's ("QLS") (collectively "defendants") motion to dismiss. Doc. #5.[1] Plaintiff Marlo K. Corletto ("Corletto") filed an opposition (Doc. #8) to which defendants replied (Doc. #9).

**I.     Facts and Procedural History**

In October, 2006, Corletto purchased real property through a mortgage note and deed of trust originated by defendant Cameron Financial Group, Inc. ("Cameron"). Eventually, Corletto defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Corletto filed a complaint against defendants alleging two causes of action: (1) unlawful foreclosure - violation of AB 284; and (2) unlawful foreclosure - loan modification.

---

[1] Refers to the court's docket entry number.

Doc. #1, Exhibit A. Thereafter, defendants filed the present motion to dismiss. Doc. #5.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

    **1.  AB 284**

In her complaint, Corletto alleges that defendants did not comply with the recent amendments to Nevada's recording statute, AB 284. *See* Doc. #1, Exhibit A.

The court has reviewed the documents and pleadings on file in this matter and finds that Corletto fails to state a claim for relief for a violation of AB 284. The recent amendments to Nevada's recording statute, AB284, which requires all assignments of the deed of trust to be recorded, only applies to assignments and foreclosures occurring on or after October 1, 2011. Here, it is undisputed that the underlying foreclosure, along with the filing of the notice of default and all assignments, commenced in, or prior to, August 2011. Thus, AB284 does not apply to the underlying foreclosure.

    **2.  Loan Modification**

In her complaint, Corletto also alleges that defendants are precluded from pursuing the underlying non-judicial foreclosure because the parties are engaged in a loan modification. *See* Doc. #1, Exhibit A. However, there is no contract language requiring defendants to enter into a loan modification with Corletto. Further, Corletto has conceded that defendants made no representations that the pending foreclosure would be postponed while she filled out her loan modification application or while it was being considered by defendants. As such, defendants were under no obligation to stop the underlying non-judicial foreclosure proceedings. Accordingly, the court shall grant defendants' motion to dismiss.

///

1   IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #5) is
2   GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.
3   IT IS SO ORDERED.
4   DATED this 11th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE